UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF VIRGINIA
LYNCHBURG DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
|     LAURIE PACE, | ) | Chapter 12 |
| | ) | Case No. 08-61759 |
| | ) | |
|         Debtor. | ) | |
| LAURIE PACE, | ) | |
| | ) | |
|     Movant, | ) | |
| | ) | |
| *v*. | ) | |
| | ) | |
| ROBERT F. MCLOONE, | ) | |
| | ) | |
|     Respondent. | ) | |

## MOTION TO AVOID JUDICIAL LIEN

Laurie Pace ("Pace" or "Debtor"), by counsel, moves this Court pursuant to 11 U.S.C. § 522(f) to avoid the judicial lien of Robert F. McLoone against the residence and surrounding real property of the Debtor known as 6343 Louisa Road, Keswick, VA 22947 (the "Property"), and for her reasons states as follows:

1. Pace filed her petition pursuant to Title 11, chapter 12, on the 31st day of July, 2008, and is therefore a chapter 12 debtor in this case.

2. Pace owns the property which she has scheduled on Schedule A of her bankruptcy schedules with a value of $1,000,000 (tax assessed value of $831,900).

3. On August 9, 2007, Robert F. McLoone obtained a judgment against Pace in the amount of $60,000, plus interest and attorneys fees. The judgment was docketed in the Clerk's office of the Circuit Court of Albemarle County, Virginia and therefore created a lien against Pace's above-described real estate.

4. Pace has a first deed of trust against the property in the amount of $910,000, a second deed of trust against the property in the amount of approximately $40,200, and a third deed of trust against the property in the amount of approximately $61,000. Further, Pace is entitled to exempt up to $5,000 of equity in her residence pursuant to Virginia law.

5. The current value of the property is in the $1,000,000 range. See Letter Opinion Value by R. Franklin Hardy, attached as <u>Exhibit 1</u>. Pace intends to supplement this Letter Opinion of Value with a written appraisal on or before the hearing date for this motion.

6. As a result of the foregoing, the sum of Robert F. McLoone's judgment lien, the other liens against the property and Pace's exemption pursuant to Virginia law, exceed the value of the property in an amount in excess of Robert F. McLoone's judgment lien.

7. Pursuant to 11 U.S.C. § 522(f)(1)(A), Robert F. McLoone's judicial lien is avoidable in its entirety.

WHEREFORE, Laurie Pace, by counsel, moves this Court to enter an order avoiding the Robert F. McLoone's judicial lien and for such other relief as the Court deems appropriate.

August 18, 2008　　　　　　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　　　LAURIE PACE

　　　　　　　　　　　　　　　　　　　　　　By: /s/  Andrew S. Goldstein
　　　　　　　　　　　　　　　　　　　　　　　　Of Counsel

Andrew S. Goldstein (VSB #28421)
Magee, Foster, Goldstein & Sayers, P.C.
P.O. Box 404
Roanoke, VA  24003-0404
Telephone: (540) 343-9800
Facsimile: (540) 343-9898
agoldstein@mfgs.com

2