UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF VIRGINIA
Lynchburg Division

CHAPTER 12 PLAN
AND RELATED MOTIONS

Name of Debtor(s): **LAURIE PACE**             Case No: **08-61759**

This plan, dated **April 15, 2009**, is:

☐ the *first modified* Chapter 12 plan filed in this case.

☑ a modified plan, which replaces the plan dated   February 24, 2009

   Date and Time of Modified Plan  Confirmation Hearing: April 20, 2009 – only in the event of objections

   Place of Modified Plan  Confirmation Hearing: Charlottesville, VA – Bankruptcy Courtroom – 11:00 a.m.

   The plan provisions modified by this filing are:
   1, 2B, 4, 5A, 11

   Creditors affected by this modification are:
   All creditors

**NOTICE: YOUR RIGHTS WILL BE AFFECTED. You should read these papers carefully. If you oppose any provision of this plan, or if you oppose any included motions to (i) value collateral, (ii) avoid liens, or (iii) assume or reject unexpired leases or executory contracts, you MUST file a timely written objection.**

**This plan may be confirmed and become binding, and the included  motions in paragraphs 3, 6, and 7 to value collateral, avoid liens, and  assume or reject unexpired leases or executory contracts may be granted, without further notice or hearing unless a written objection is filed not later than ten (10) days prior to the date set for the confirmation hearing and the objecting party appears at the confirmation hearing.**

The debtor(s)' schedules list assets and liabilities as follows:

   Total Assets: **$1,035,853.00**
   Total Non-Priority Unsecured Debt: **$129,187.45**
   Total Priority Debt: **0.00**
   Total Secured Debt: **$1,156,436.28 (some disputed or subject to lien avoidance)**

4

1. **Funding of Plan.** The debtor(s) propose to pay the trustee the sum of **$500 per month for sixty (60) months, commencing October, 2008, except for December, 2008, which payment will be $350**. Total payments to the Trustee are: **$29,850**.

2. **Priority Creditors.**   The Trustee shall pay allowed priority claims in full unless the creditor agrees otherwise.

    A. **Administrative Claims under 11 U.S.C. § 1326.**

    1. The Trustee will be paid 10% of all sums disbursed except for funds returned to the debtor(s).
    2. Debtor(s)' attorney will be paid **upon allowed fee applications from the Debtor; attorney fees are not to be paid by the Trustee.**

    B. **Claims under 11 U.S.C. §507.**

    The following priority creditors will be paid by deferred cash payments pro rata with other priority creditors or in monthly installments as below, except that allowed claims pursuant to 11 U.S.C. § 507(a)(1) will be paid prior to other priority creditors but concurrently with administrative claims above:

| Creditor | Type of Priority | Estimated Claim | Payment and Term |
|---|---|---|---|
| Charles Garrett | 507(a)(7) | $2,425.00 | By Trustee |
| Judy Garrett | 507(a)(7) | $2,425.00 | By Trustee |
| Albemarle County | 507(a)(8) | $4,119.07 | By Trustee |

3. **Secured Creditors and Motions to Value Collateral.**

    This paragraph provides for claims of creditors who hold debts that are secured by real or personal property of the debtor(s) but (a) are not secured solely by the debtor(s)' principal residence and (b) do not have a remaining term longer than the length of this plan.

    A. **Claims to Which § 506 Valuation is NOT Applicable.** Claims listed in this subsection consist of debts secured by a purchase money security interest in a motor vehicle acquired for the personal use of the debtor for which the debt was incurred within 910 days of the filing of the bankruptcy petition, or if the collateral for the debt is any other thing of value, the debt was incurred within 1 year of filing. *See* § 1325(a)(5). After confirmation of the plan, the Trustee will pay to the holder of each allowed secured claim the monthly payment in column (f) based upon the amount of the claim in column (d) with interest at the rate stated in column (e). **Upon confirmation of the plan, the interest rate shown below will be binding unless a timely written objection to confirmation is filed and sustained by the Court.** Payments distributed by the Trustee are subject to the availability of funds.

| (a) Creditor | (b) Collateral | (c) Purchase Date | (d) Est Claim Amt | (e) Interest Rate | (f) Monthly Paymt & Estimate Term** |
|---|---|---|---|---|---|

**Claims to Which §506 Valuation is Applicable.** Claims listed in this subsection consist of any claims secured by real estate subject to § 506 valuation and modification by personal property not described in Plan paragraph 3.A. After confirmation of the plan, the Debtor will pay to the holder of each allowed secured claim the monthly payment in column (f) based upon the replacement value as stated in column (d) or the amount of the claim, whichever is less, with interest at the rate stated in column (e). The portion of any allowed claim that exceeds the value indicated below will be treated as an unsecured claim. **Upon confirmation of the plan, the valuation and interest rate shown below will be binding unless a timely written objection to confirmation is filed and sustained by the Court.** Payments distributed by the Trustee are subject to the availability of funds.

| (a) | (b) | (c) | (d) | (e) | (f) |
|---|---|---|---|---|---|
| Creditor | Collateral | Purchase Date | Replacement Value | Interest Rate | Monthly Paymt & Estimate Term** |

**\*\* THE MONTHLY PAYMENT STATED HERE SHALL BE THE ADEQUATE PROTECTION PAYMENTS PURSUANT TO 1326(a)(1)(C) TO THESE CREDITORS UNLESS OTHERWISE PROVIDED IN PARAGRAPH 11 OR BY SEPARATE ORDER OF THE COURT.**

    C.    **Collateral to be surrendered.** Upon confirmation of the plan, or before, the debtor will surrender his or her interest in the collateral securing the claims of the following creditors in satisfaction of the secured portion of such creditors' allowed claims. To the extent that the collateral does not satisfy the claim, any timely filed deficiency claim to which the creditor is entitled shall be paid as a non-priority unsecured claim. The order confirming the plan shall have the effect of terminating the automatic stay as to the collateral surrendered.

| Creditor | Collateral Description | Estimated Total Claim | Full Satisfaction (Y/N) |
|---|---|---|---|

4.    **Unsecured Claims.**

    A.    **Not separately classified.** Allowed non-priority unsecured claims shall be paid pro rata from any distribution remaining after disbursement to allowed secured and priority claims. Estimated distribution is approximately __100__ %. If this case were liquidated under Chapter 7, the debtor(s) estimate unsecured creditors would receive a dividend of approximately **0%**.

    B.    **Separately classified unsecured claims.**

| Creditor | Basis for Classification | Treatment |
|---|---|---|

5.    **Long Term Debts and Claims Secured by the Debtor(s)' Primary Residence.**

Creditors listed below are either secured by the debtor(s)' principal residence or hold a debt the term of which extends beyond the term of this plan.

    A.    **Debtor(s) to pay claim directly.** The creditors listed below will be paid by the debtor(s) pursuant to the contract without modification, except that arrearages, if any, will be paid by the Trustee either pro rata with other secured claims or on a fixed monthly basis as indicated below.

| Creditor | Collateral | Payment |
|---|---|---|
| Washington Mutual | residence/farm | * |
| Robert McLoone | residence/farm | ** |
| Old Dominion Equine | residence/farm | *** |
| Martin J. Wasielewski | residence/farm | **** |
| Richard Oprisin & William Dorsey | residence/farm | ***** |

*As of the date of confirmation, Washington Mutual ("WAMU") shall have a principal balance of $974,268. It will be paid in full as follows:
    (i)    $150,000 from the sale of the Debtor's acreage to Mark & Paula Stoler, no later than April 30, 2009;
    (ii)    $3,500/month direct payments commencing April 5, 2009;
    (iii)    Interest accrues on outstanding principal at 4.25%/year;
    (iv)    Outstanding principal to balloon on the date six (6) years after the date of confirmation, and all outstanding amounts owed will be due and payable in full on that date;

 (v) Debtor pays insurance and real estate taxes directly – no escrow; and debtor will cause her insurer to provide documentation to WAMU from the insurer that the insurer will advise WAMU of any delinquent payments and any lapse or pending lapse in the policy;
 (vi) In the event of a default, including the failure to timely make any payment provided for in subsections (i), (ii), (iv) or (v) above, WAMU may give written notice to debtor and her attorney, with copies to the Court and the Chapter 12 Trustee, at which point the Debtor must cure the default or file an objection with the Bankruptcy Court as to the existence of the default and set the matter for prompt hearing, within thirty (30) days of the date on which the said written notice was mailed; if the Debtor fails to so cover the default or file such an objection and set the matter for a prompt hearing, WAMU shall be relieved from the automatic stay of 11 USC § 362, pursuant to its motion for relief from stay, currently pending, without the need for further order of the Court.  Upon such relief from stay, WAMU shall have one hundred twenty (120) days to file an unsecured deficiency claim or such claim shall be forever barred.  In the event that this case is dismissed and any subsequent bankruptcy case is filed by the Debtor, no automatic stay shall go into effect as to WAMU in any such subsequently filed case; and
 (vii) No payments from the Trustee.

**As of the date of confirmation, Robert McLoone's ("McLoone") agreed upon principal balance will be $55,000, secured by a lien on the Debtor's real estate, subordinate to WAMU.  The McLoone debt will be paid as follows:
 (i) $5,000 from the sale of the Debtor's acreage to Mark and Paula Stoler;
 (ii) $50,000 remaining principal balance will accrue interest at the rate of 3.33%/year.  No payments are required prior to maturity.
 (iii) Principal and accrued interest to balloon six (6) years from confirmation;
 (iv) No payments from the Trustee; and
 (v) In the event of default of these terms McLoone's debt shall revert to an amount as represented by McLoone's judgment.

***The Old Dominion Equine lien is an allowed secured claim against the Debtor's real estate in the non-interest bearing amount of $6,000.  It shall be paid in full within six (6) years from confirmation.  In the event of a default, the Old Dominion Equine claim will revert to the amount as represented by its judgment.  No payments from the Trustee.

****The Martin Wasielewski ("Wasielewski") lien is an allowed secured claim against the Debtor's real estate in the non-interest bearing amount of $4,000.  It shall be paid in full within six (6) years from confirmation.  In the event of a default, the Wasielewski claim shall revert to the amount as represented by his judgment.  No payments from the Trustee.

*****The Richard Oprisin and William Dorsey secured claims, neither of which have filed claims in this case, will retain their liens against the Debtor's real estate.  These claims, which will not accrue interest, will be paid in full within six (6) years from confirmation.  No payments from the Trustee.

 B. **Trustee to pay the contract payments and the arrearages.** The creditors listed below will be paid by the Trustee the regular contract monthly payments during the term of this plan. The arrearage claims, if any, will be cured by the Trustee by payments made either pro rata with other secured claims or by fixed monthly payments as indicated below.

| Creditor | Collateral | Regular Contract Payment | Estimated Arrearage | Interest Rate | Term for Arrearage | Monthly payment |
|---|---|---|---|---|---|---|
|  |  |  |  |  |  |  |

6. **Executory Contracts and Unexpired Leases.** The debtor(s) move for assumption or rejection of the executory contracts and leases listed below.

 A. **Executory contracts and unexpired leases to be rejected.** The debtor(s) reject the following executory contracts.

Creditor     Type of Contract

N/A

 B. **Executory contracts and unexpired leases to be assumed.** The debtor(s) assume the following executory contracts. The debtor agrees to abide by all terms of the agreement. The Trustee will pay the pre-petition arrearages, if any, through payments made pro rata with other priority claims or on a

4

fixed monthly basis as indicated below.

| Creditor | Type of Contract | Arrearage | Monthly Payment for arrears | Estimated cure period |
|---|---|---|---|---|
| N/A | | | | |

7.  **Motions to Avoid Liens.**

   A.  **The debtor(s) move to avoid liens pursuant to 11 U.S.C. § 522(f).** The debtor(s) move to avoid the following judicial liens and non-possessory, non-purchase money liens that impair the debtor(s)' exemptions. **Unless a written objection is timely filed with the Court, the Court may grant the debtor(s)' motion and cancel the creditor's lien.** If an objection is filed, the Court will hear evidence and rule on the motion at the confirmation hearing.

   | Creditor | Collateral | Exemption Basis | Exemption amount | Value of Collateral |
   |---|---|---|---|---|

   B.  **Avoidance of security interests or liens on grounds other than 11 U.S.C. § 522(f).** The debtor(s) have filed or will file and serve separate pleadings to avoid the following liens or security interests. The creditor should review the notice or summons accompanying such pleadings as to the requirements for opposing such relief. The listing here is for information purposes only.

   | Creditor | Type of Lien | Description of Collateral | Basis for Avoidance |
   |---|---|---|---|

8.  **Treatment of Claims.**

   - All creditors must timely file a proof of claim to receive payment from the Trustee.
   - If a claim is scheduled as unsecured and the creditor files a claim alleging the claim is secured but does not timely object to confirmation of the plan, the creditor may be treated as unsecured for purposes of distribution under the plan. This paragraph does not limit the right of the creditor to enforce its lien, to the extent not avoided or provided for in this case, after the debtor(s) receive a discharge.
   - If a claim is listed in the plan as secured and the creditor files a proof of claim alleging the claim is unsecured, the creditor will be treated as unsecured for purposes of distribution under the plan.

9.  **Vesting of Property of the Estate.** Property of the estate shall revest in the debtor(s) upon confirmation of the plan. Notwithstanding such vesting, the debtor(s) may not sell, refinance, or encumber real property without approval of the court.

10. **Incurrence of indebtedness.** During the term of the plan, the debtor(s) shall not voluntarily incur additional indebtedness in an amount exceeding $5,000 without approval of the court.

11. **Other provisions of this plan: N/A**

**Signatures:**

Dated:_____**April 15, 2009**_____


Debtor__/s/ Laurie Pace_____    Debtor's Attorney ____/s/ Andrew S. Goldstein____


Joint Debtor _____


Exhibits:    Copy of Debtor(s)' Budget (Schedules I and J);    N/A
Matrix of Parties Served with plan    N/A


**Certificate of Non-Service**

    I certify that on ____**April 15, 2009**____, I caused the foregoing to be electronically filed with the United States Bankruptcy Court thereby causing electronic notification to the Chapter 12 Trustee and all registered users of the ECF system that have filed notices of appearance in this case. No further service is required for this filing.


                                /s/ Andrew S. Goldstein_____
                                Signature

                                 **Magee, Foster, Goldstein & Sayers, P.C.**
                                Address

                                **P. O. Box 404, Roanoke, VA  24003-0404**

                                **(540) 343-9800; Fax (540) 343-9898**


U:\A CLIENTS\Pace, Laurie 8103\New Chapter 12\FifthAmendedCh12Plan3-26-09.doc